UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MELISSA A. BASSETT, Personal Representative of the Estate of Mark Beliveau, | ) ) ) ) ) |  |
| Plaintiff, | ) ) | Civil Action No. 22-11127-NMG |
| v. | ) ) |  |
| TEMPUR RETAIL STORES, LLC, | ) ) |  |
| Defendant. | ) ) |  |

ORDER ON PLAINTIFF'S MOTIONS TO COMPEL
[Docket Nos. 44, 60]

January 9, 2024

Boal, M.J.

Plaintiff Melissa A. Bassett, as Personal Representative of the Estate of Mark Beliveau ("Bassett"), has filed two motions to compel defendant Tempur Retail Stores, LLC ("Tempur") to produce certain documents and to answer certain interrogatories. Docket Nos. 44, 60.[1] After careful consideration of the parties' submissions, as well as the arguments made at the January 3, 2024 hearing, I rule as follows.

*Documents That Tempur Has Agreed To Produce And For Which It Represents Its Search Is "Ongoing."* Though it objected to Requests for Production ("RFP") Nos. 2, 5, 7, 8, 9, 10, 11, 13, 15, 16, 17, 18, 21, 28, and 30, Tempur has now agreed to produce documents

---

[1] Judge Gorton referred the motions to the undersigned on October 10, 2023 and November 27, 2023. Docket Nos. 45, 61.

responsive to these requests and states that its search for such documents is "ongoing." See Docket No. 67 at 7-8. However, the scope of such searches and whether Tempur has withheld any responsive documents is unclear. See, e.g., Docket No. 60-1 at 5 (stating that it would conduct a "search reasonably limited in time and scope"). In addition, this Court notes that Bassett served her discovery requests in February 2023 and Tempur served its written response on March 20, 2023, almost nine months ago. Therefore, it is too late for Tempur's search for responsive documents to continue to be "ongoing."

Accordingly, this Court orders Tempur to complete its production of documents responsive to these requests within two weeks. In addition, for each of these requests, Tempur shall file a statement indicating the scope of the search (i.e., what custodians and/or locations were searched; how the searches were conducted; what keywords were searched; the time period covered by the searches; etc.); whether any documents were withheld; and, if no responsive documents were found, state so. Such statement shall be filed within three weeks of the date of this order. Bassett shall have two weeks after the filing of such a statement to determine whether to file a further motion to compel seeking specific documents she believes Tempur should have searched for and produced but did not.

*Documents Concerning Mark Beliveau's Cancer Diagnosis Or Treatment*. RFP No. 6 seeks "[a]ll documents, including ESI, concerning Mark Beliveau's cancer diagnosis or treatment." Docket No. 60-1 at 7. To the extent that Tempur argues that this request does not seek relevant information, this Court disagrees. Contrary to Tempur's arguments, Bassett does allege that the cost of Beliveau's cancer treatment was a factor in his termination. See Complaint at ¶¶ 47-58. As drafted, however, this request is overly broad. Tempur represents that it has searched Beliveau's "managerial line and supporting human resources personnel" for

2

responsive documents.  Docket No. 67 at 8.  Again, the scope of Tempur's search for responsive documents is not clear.  Accordingly, Tempur shall include RFP No. 6 in the statement regarding the scope of its search for responsive documents referenced above.

*Documents Concerning Health, Disability, And Life Insurance Costs*.  RFP Nos. 19, 20, and 26 request certain documents concerning Tempur's health, disability, and life insurance costs.  While Bassett argues that Beliveau was terminated partly because of the costs of his cancer treatment, these requests are overly broad and not proportional to the needs of the case.  Accordingly, I deny the motion with respect to RFP Nos. 19, 20, and 26.

*Tempur's Policies And Procedures Concerning Customer Complaints*.  RFP No. 29 seeks Tempur's "policies and procedures in effect from 2017-2019 concerning responding to complaints or negative reviews and postings from customers of retail stores."  Docket No. 60-1 at 24.  Bassett seeks an order compelling Tempur to produce documents responsive to this request, including training materials for new employees and customer care documents.  Docket No. 60 at 18.  Tempur argues that training materials and customer care documents are not responsive to this request because they do not relate to the manner in which store managers, such as Beliveau, are required to respond to customer complaints.  Docket No. 67 at 10.  This Court disagrees.  Tempur must produce such documents.

At oral argument, Tempur represented that, other than new employee training materials and customer care documents, it has not found any other responsive documents.  It appears unlikely that Tempur does not have any formal customer complaint policies.  Accordingly, Tempur shall also indicate the scope of its search for documents responsive to RFP No. 29.

*RFP No. 22*.  RFP No. 22 sought the personnel record for any retail store manager or assistant manager terminated by defendant because of customer complaints in 2016-2020.

3

Docket No. 60-1 at 20.  Bassett agreed to narrow this request to the initials of such managers, the region in which they worked, and the documents regarding the customer complaints that served as the basis for their termination.  See Docket No. 44 at 3.  This Court finds that Bassett's narrowed request seeks relevant and discoverable information.  Accordingly, Tempur shall produce such documents.

*RFP No. 23*.  RFP No. 23 seeks the personnel record for Matt Marcus, Jim Brovelli, Jonathan Greene, Deanna Thomas, and Sharon Sullivan.  Bassett later agreed to narrow this request to the disciplinary records of Marcus, Brovelli, Greene, and Sullivan and the personnel record of Thomas.  Docket No. 57 at 2.  Tempur agreed to search for and produce the disciplinary records of Marcus, Brovelli, Greene, and Sullivan.  Id.  However, Tempur subsequently appeared to renege on that agreement.  See Docket No. 67 at 12.  After consideration of the parties' arguments, this Court finds that Bassett's narrowed request is appropriate.  Accordingly, Tempur shall produce the disciplinary records of Marcus, Brovelli, Greene, and Sullivan.  It shall also produce the personnel record of Thomas but may redact personally identifiable information such as social security number, birth date, and the like and need not produce information regarding her benefits.

*RFP No. 24*.  RFP No. 24 seeks documents concerning customer complaints directed to Defendants' employees in Massachusetts for the time period 2017-2020.  Docket No. 60-1 at 20.  This request seeks discoverable information.  Accordingly, Tempur shall produce documents responsive to this request.

*Interrogatories Nos. 3 And 4*.  Finally, Bassett seeks an order compelling Tempur to serve supplemental answers to Interrogatory Nos. 3 and 4.  This Court finds that Tempur has sufficiently answered Interrogatory No. 3.  Interrogatory No. 4 seeks irrelevant information.

Tempur shall produce any documents compelled by this order within two weeks.

So Ordered.

                                                    /s/ Jennifer C. Boal
                                            JENNIFER C. BOAL
                                            U.S. MAGISTRATE JUDGE